## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BARRETT PAVING MATERIALS, INC. of Wilmington, County of New Castle and State of Delaware,<br><br>        Plaintiff<br><br>    v.<br><br>CONTINENTAL INSURANCE COMPANY of Chicago, County of Cook and State of Illinois,<br><br>and<br><br>MICHIGAN MUTUAL INSURANCE COMPANY of Farmington Hills, County of Oakland and State of Michigan,<br><br>and<br><br>FIRST STATE INSURANCE COMPANY of Boston, County of Suffolk and State of Massachusetts,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT

NOW COMES Plaintiff Barrett Paving Materials, Inc. ("Barrett") and brings this Complaint against certain of its primary and excess liability insurance carriers concerning Barrett's right to insurance coverage with respect to certain environmental liabilities arising out of a certain Third Party Complaint filed by Citizens Communications Company.

### INTRODUCTION

1.      Barrett brings this action for a declaratory and money judgment concerning Barrett's rights to insurance coverage for defense of environmental-related liabilities associated with certain facilities owned and operated by Barrett in the City of Bangor, Maine.

2.      In this action Barrett seeks a declaration of the Defendants insurance obligation to defend Barrett with respect to certain primary and excess liability insurance policies sold to Barrett and a money judgment for amounts owing to Barrett for defense costs incurred by Barrett to date.

## PARTIES

3.      Barrett is a Delaware corporation with a principal place of business located in Roseland, New Jersey.

4.      Continental Insurance Company is an insurance company located in Chicago, Illinois.

5.      Upon information and belief, at all times relevant herein, Continental transacted business within the State of Maine.

6.      At all times relevant hereto, Continental contracted with Barrett to insure certain risks located within the State of Maine.  During the time period, February 15, 1980 to April 1, 1982 Continental provided liability insurance coverage to Barrett pursuant to Continental policy numbers SRL3635963, SRL3636415 and SRL3636123.

7.      Plaintiff does not currently possess a copy of the policy, but on information and belief, asserts that the policy was a standard commercial general liability policy containing the standard ISO forms.

8.      Michigan Mutual Company is an insurance company located in Farmington Hills, Michigan.

9.      Upon information and belief, at all times relevant herein, Michigan Mutual transacted business within the State of Maine.

2

10.     During the time period from April 1, 1983 to April 1, 1988, Michigan Mutual Insurance Company provided liability insurance coverage for Barrett pursuant to policy number SR-32-0-7201-2.

11.     Plaintiff does not currently possess a copy of the policy, but on information and belief, asserts that the policy was a standard commercial general liability policy containing the standard ISO forms.

12.     First State Insurance Company is an insurance company located in Boston, Massachusetts.

13.     Upon information and belief, at all times relevant herein, First State Insurance Company transacted business within the State of Maine.

14.     Plaintiff does not currently possess a copy of the policy, but on information and belief, asserts that the policy was a standard commercial general liability policy containing the standard ISO forms.

15.     During the period from December 13, 1979 to April 1, 1982, First State Insurance Company provided excess insurance coverage to Barrett with respect to its operations in the State of Maine pursuant to policy numbers 943741 and 928333.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction of this controversy pursuant to 28 U.S.C. § 1332(a)(1), in that there is diversity of citizenship as between the corporate Plaintiff and the corporate Defendants and the matter in controversy is in excess of $75,000, exclusive of interest and costs.

17.     Venue is proper in this Court is that the events giving rise to this Complaint occurred in this district.  In the alternative, venue is proper because each of the Defendants is subject to personal jurisdiction of this Court.  See 28 U.S.C. § 1391.

3

18.     This matter involves a real and judicable controversy about the rights and obligations of Barrett and the Defendant insurers.

19.     Jurisdiction is conferred upon this Court to declare the rights and responsibilities of the parties arising under the policies pursuant 28 U.S.C. § 2201(a).

20.     Barrett has standing to seek a declaratory judgment as to the policies in that it may suffer potential injuries depending on interpretation of the policies.

21.     Furthermore, Barrett has standing to seek monetary damages for the defense costs and expenses which it has incurred to date and which it will incur in the future.

## FACTUAL AND PROCEDURAL BACKGROUND

22.     On or about May 20, 2003, Barrett was served with a Third Party Complaint by Third Party Plaintiff Citizens Communication Company.  Attached hereto as Exhibit A is a copy of that Complaint.  In the Third Party Complaint it is alleged that Barrett has environmental liabilities arising out of alleged contamination of the Penobscot River arising out of the operations of Barrett.

23.     On or about June 16, 2003, Barrett placed Continental on notice of the Third Party Claim.  Attached hereto as Exhibit B is a copy of the letter sent to Continental by Barrett.  In this letter, Barrett tendered the defense of the Third Party Complaint to Continental in a timely manner.

24.     On or about July 16, 2003, Barrett notified Michigan Mutual of this pending action.  Attached hereto as Exhibit C is a copy of Barrett's notice to Michigan Mutual.  In this letter, Barrett tendered the defense of the Third Party Complaint in a timely manner.

25.     On or about July 16, 2003, Barrett placed First State Insurance Company on notice of the pending claim.  Attached hereto as Exhibit D is a copy of Barrett's notice to First

4

State Insurance Company.  In this letter, Barrett tendered its defense of the Third Party

Complaint in a timely manner.

      26.    Barrett has notified its insurers of the existence of the environmental claims set

forth in the attached Third Party Complaint alleging, inter alia, property damage and diminution

of property value.

      27.    To date, Defendant insurers have failed and/or refused to defend Barrett or to

reimburse Barrett with respect to defense costs incurred in connection with the defense of the

Third Party Complaint attached he reto as Exhibit A.

      28.    Defendant Michigan Mutual has declined to defend this matter on the basis that

certain exclusionary language within the subject policy eliminates the possibility of a recovery

by the Third Party Plaintiff, Citizens, against Barrett.

      29.    Barrett has paid all premiums with respect to the policies identified above and has

satisfied all terms and conditions of the policies.

      30.    Continental Insurance Company provided primary insurance during the period

from February 15, 1980 to March 1, 1982.  A Third Party Complaint alleges claims which may

be within the scope of the coverage and therefore triggered duty on the part of Continental to

defend the pending action.

      31.    The Third Party Complaint alleges claims which may be within the scope of the

coverage of the primary policies by Michigan Mutual and therefore triggered duty on the party of

Michigan Mutual to defend the pending third party action.

      32.    The Third Party Complaint alleges claims occurring during the period from

December 13, 1979 to April 1, 1982 during which First State Insurance Company was excess

over Midland Insurance Company, the primary insurer during this period.

33.     On information and belief, Midland Insurance Company is now insolvent and as such, during the time of Midland Insurance's primary cove rage, First State Insurance Company is obligated to drop down and to assume the responsibilities as a primary carrier with respect to the claims in the Third Party Complaint triggering coverage during the period of Midland Insurance Company's primary coverage.

34.     Barrett is now actively defending the claims set forth in the Third Party Complaint at its own expense.

35.     The allegations contained in the Third Party Complaint contain allegations of property damage and diminution of property value as those terms are defined under the primary policies and excess policies identified and described above, for which Barrett is entitled to be defended from the Defendant insurers.

36.     Barrett has the performed in a timely matter, all terms, conditions and covenants to be performed by it under the insurance policies.

## COUNT I
## DECLARATORY JUDGMENT

37.     The Defendant insurers have a joint and several duty to defend Barrett with respect to the Third Party Complaint as the claims contained within the Third Party Complaint are within the coverage of each of the policies.

38.     The claims in the Third Party Complaint are within the coverage of the two primary policies, issued by Michigan Mutual and Continental and within the coverage of the excess policy issued by First State.

39.     Whether the insurers have a duty to defend Barrett from the Third Party Complaint is determined by the comparison of the allegations in the Third Party Complaint with the provisions of the policies and, if there is any legal or factual basis alleged that gives rise to a

6

possibility that the Third Party Complaint falls within the coverage, the insurers have a duty to defend Barrett from the Third Party Complaint.

40.    Based upon this aforementioned comparison, Defendant insurers have a duty to defend Barrett with respect to the claims set forth in the Third Party Complaint.

41.    The Defendant insurers have failed and/or refused to defend Barrett with respect to the claims set forth in the Third Party Complaint.

42.    Barrett seeks a declaration that each Defendant insurer has a duty to defend Barrett with respect to the claims set forth in the Third Party Complaint.

43.    An actual controversy exists between Barrett and the Defendant insurers regarding the construction and interpretation of various insurance policies issued by the Defendant's to Barrett with respect to the claims set forth in the Third Party Complaint.

44.    The Defendant insurers dispute that their policies obligate them to provide a defense with respect to the Third Party Complaint.

WHEREFORE, the Barrett requests that this Court enter:

1.    A judgment declaring that the Defendant insurers have a duty to defend Barrett for the claims set forth in the Third Party Complaint.

2.    A judgment declaring that Barrett shall be entitled to select which of the policies issued to Barrett by the Defendant insurers shall be obligated to defend Barrett.

3.    A judgment awarding Barrett attorney's fees, costs and disbursements incurred in the prosecution of this Complaint for Declaratory Relief and Breach of Contract.

**COUNT II**
**MONEY DAMAGES/DUTY TO DEFEND**

45.    The claims set forth in the Third Party Complaint are within the coverage of the policies issued by the Defendant insurers.

7

46.     Each insurer has a joint and several duty to defend Barrett under each of the policies issued by the Defendant insurers to Barrett.

47.     With respect to the claims set forth in the Third Party Complaint, the Defendant insurers have failed and/or refused to defend Barrett with respect to the claims set forth in the Third Party Complaint and have therefore breached their contracts with Barrett.

48.     Because of the refusal of the Defendant insurers to defend the Third Party Complaint, Barrett has had to retain legal counsel at its own expense to defend the Third Party Complaint.

49.     Barrett has incurred and will continue to incur costs for attorney's fees and expenses in connection with the defense of the Third Party Complaint.

WHEREFORE, the Barrett requests that this Court enter a judgment against the Defendants for:

1.     All amounts that Barrett incurs in connection with the Defense of the Third Party Complaint.

2.     All expenses including attorney's fees, costs and disbursements incurred in the defense of the Third Party Complaint.

3.     Attorney's fees, costs and disbursements included in the prosecution of the Complaint for Declaratory Relief and Breach of Contract.

4.     Interest, costs and other relief as the Court deems just and proper for the breach of contract by the Defendant insurers.

Dated at Portland, Maine, this 23rd day of April, 2004.

*/s/Jeffrey T. Edwards, Esq.*
Jeffrey T. Edwards, Esq.
Attorney for Plaintiff

PRETIFLAHERTY
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000

PORT: 524316.1